RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
Nardo@Raynardo.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lisa DiGiovanni,<br><br>                            Plaintiff,<br><br>— against —<br><br>Ergoteles LLC, Ergoteles Partners GP LLC, Mark Mancini, an individual, Amit Manwani, an individual, Michael Bos, an individual,<br><br>                            Defendants. | 22-CV-9118<br><br>COMPLAINT |

Plaintiff, LISA DiGIOVANNI, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, Ergoteles LLC, Ergoteles Partners GP LLC, and Mark Mancini, and Amit Manwani, and Michael Bos, jointly and severally (collectively referred herein as "Defendants") allege:

**NATURE OF THE ACTION**

1. This action seeks all available relief including to recover unpaid overtime and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") on behalf of Plaintiff.

2. Defendants deprived Plaintiff of the protections of the FLSA and NYLL by failing to pay premium overtime pay for all hours worked in excess of 40 hours per week.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 because the corporate Defendants are located there and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Plaintiff is an individual residing in Nassau County, New York.

8. Plaintiff was an employee of Defendants covered by the FLSA and NYLL from on or about November 8, 2019 through April 13, 2022.

9. Plaintiff was not exempt or excluded from coverage under the FLSA.

10. Defendants employed Plaintiff as an Administrative Assistant.

11. Plaintiff's duties were to answer phones, take messages, open and distribute mail, copy, print, and scan documents, send out overnights, assist with payroll (which required partner approval), clean the kitchen, stock supplies, greet visitors, schedule meetings for partners (subject to their approval), and file papers.

12. Plaintiff had no authority to engage in independent discretion and judgment in her role, and her Employment Contract listed her as an "Administrative Assistant."

13. Defendants employed Plaintiff five days per week, and Plaintiff's hours varied, up to 65 hours per week.

14. Defendants did not track Plaintiff's hours.

15. Defendants initially paid Plaintiff at the rate of $115,000 per year.

16. Defendants did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week.

17. Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

**Defendants**

18. Defendant ERGOTELES LLC is a Delaware-based investment management company with an office located at 150 East 52nd Street, Suite 26002, New York, NY 10022.

19. Defendant ERGOTELES LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including pens, paper, computers, electronic credit card chargers, electronic files, and (2) annual gross revenues in excess of $500,000.

20. ERGOTELES LLC, is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

21. Defendant ERGOTELES PARTNERS GP LLC is a Delaware-based domestic professional service corporation with an office located at 150 East 52nd Street, Suite 26002, New York, NY 10022.

22. Defendant ERGOTELES PARTNERS GP LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including pens, paper, computers, electronic credit card chargers, electronic files, and (2) annual gross revenues in excess of $500,000.

23. ERGOTELES PARTNERS GP LLC, is a covered employer within the meaning of

the FLSA and the NYLL and, at all times relevant, employed Plaintiff.

24. Defendant MARK MANCINI is a founding principal of the corporate Defendants.

25. At all relevant times, Defendant MARK MANCINI has maintained control, oversight, and direction over Plaintiff. He established Plaintiff's rate of pay, and had the authority to discipline and terminate Plaintiff.

26. Defendant MARK MANCINI exercises sufficient control over the corporate defendant's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority over Plaintiff's employment and pay practices.

27. Defendant AMIT MANWANI is a founding principal of the corporate Defendants.

28. At all relevant times, Defendant AMIT MANWANI has maintained control, oversight, and direction over Plaintiff. He established Plaintiff's rate of pay, and had the authority to discipline and terminate Plaintiff.

29. Defendant AMIT MANWANI exercises sufficient control over the corporate defendant's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees,

maintain payroll records, and at all times material herein, established and exercised authority over Plaintiff's employment and pay practices.

30. Defendant MICHAEL BOS is a founding principal of the corporate Defendants.

31. At all relevant times, Defendant MICHAEL BOS has maintained control, oversight, and direction over Plaintiff. He established Plaintiff's rate of pay, and had the authority to discipline and terminate Plaintiff.

32. Defendant MICHAEL BOS exercises sufficient control over the corporate defendant's operations to be considered Plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein, established and exercised authority over Plaintiff's employment and pay practices.

33. The business activities of the Defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

### DEFENDANTS' FAILURE TO PAY OVERTIME

34. Defendants suffered or permitted Plaintiff to work more than 40 hours per week, without paying Plaintiff premium overtime pay at the rate of time and one half for hours worked in excess of 40 hours per week.

### DEFENDANTS' VIOLATIONS OF THE NEW YORK WAGE THEFT PREVENTION ACT

35. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

36. Defendants failed to furnish Plaintiff with wage notices as required by § 195(1) of the NYLL.

37. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

38. Defendants also failed to furnish Plaintiff with accurate statements of wages, as required by § 195(3) of the NYLL.

## FIRST CAUSE OF ACTION
## (FLSA – UNPAID OVERTIME WAGES)

39. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

40. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

41. At all times relevant, Defendants have been employers of Plaintiff, engaged in

commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

42. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

43. Plaintiff was not exempt from the FLSA requirement to pay a premium overtime rate.

44. Defendants have failed to pay Plaintiff premium overtime pay for all hours worked in excess of 40 hours per week, to which Plaintiff is entitled under the FLSA.

45. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

46. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

48. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied premium overtime pay in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (NYLL – UNPAID OVERTIME WAGES)

49. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

50. Defendants are "employers" within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants therefore employed Plaintiff.

51. The NYLL requires that employees receive overtime premium compensation not less than one and one-half times the employee's regular pay rate for hours worked over 40 per week.

52. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

53. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

54. Plaintiff's work duties did not qualify her as exempt from the NYLL requirement for the payment of overtime wages.

55. Defendants have failed to pay Plaintiff premium overtime pay to which Plaintiff

is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

56. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

58. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

59. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer;

the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

60. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**FOURTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

62. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

63. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a. Declaring that defendants have violated the overtime pay provisions of the FLSA, and supporting United States Department of Labor Regulations;

    b. declaring that defendants have violated the overtime provisions of the NYLL, and supporting regulations;

    c. declaring that defendants have violated the Wage Theft Prevention Act;

    d. declaring that defendants' violations of the FLSA were willful;

    e. declaring that defendants' violations of the NYLL were willful;

    f. awarding Plaintiff damages for all unpaid wages;

    g. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

 h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

 i. awarding Plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

 j. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

 k. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

 l. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

 m. awarding Plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

 n. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
      October 24, 2022

                                            RAYMOND NARDO, P.C.

                                            By: _____
                                                RAYMOND NARDO, ESQ.
                                            129 Third St
                                            Mineola, NY 11501
                                            (516) 248-2121
                                            Nardo@Raynardo.com
                                            *Counsel for Plaintiff*