UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA DIGIOVANNI,

                Plaintiff,

-against-

ERGOTELES LLC, ERGOTELES PARTNERS GP LLC, MARK MANCINI, AMIT MANWANI, and MICHAEL BOS,

                Defendants.

**ORDER**

22 Civ. 9118 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Lisa DiGiovanni alleges that Defendants Ergoteles LLC, Ergoteles Partners GP LLC, Mark Mancini, Amit Manwani, and Michael Bos (collectively "Defendants") violated (1) the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), by not paying her overtime compensation; and (2) the New York Labor Law ("NYLL") by not paying her overtime compensation and not providing her with statutorily required wage notices and wage statements.

        On February 10, 2023, Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 19) On March 14, 2023, this Court referred Defendants' motion to Magistrate Judge Netburn for a Report and Recommendation ("R&R"). (Dkt. No. 23) In an October 23, 2023 R&R, Judge Netburn recommends that this Court deny Defendants' motion to dismiss. (Dkt. No. 24) Defendants filed objections to Judge Netburn's R&R on November 6, 2023. (Dkt. No. 32)

For the reasons set forth below, this Court will sustain Defendants' objections as to the R&R's treatment of Plaintiff's FLSA claim, and Defendants' motion to dismiss will be granted.

## BACKGROUND

### I. FACTS[1]

#### A. The Complaint's Allegations

Plaintiff is a resident of Nassau County, New York. (Cmplt. (Dkt. No. 1) ¶ 7) Defendant Ergoteles LLC is a Delaware-based investment management company that maintains an office in Manhattan. (Id. ¶ 18) Ergoteles Partners GP LLC is a Delaware-based professional service corporation with an office in Manhattan. (Id. ¶ 21) Defendants Mark Mancini, Amit Manwani, and Michael Bos are "founding principal[s]" of the corporate Defendants. (Id. ¶¶ 24, 27, 30)

Defendants employed Plaintiff as an "Administrative Assistant" from November 8, 2019 to April 13, 2022. (Id. ¶¶ 8, 10) According to the Complaint, Plaintiff's job duties were

> to answer phones, take messages, open and distribute mail, copy, print, and scan documents, send out overnights, assist with payroll (which required partner approval), clean the kitchen, stock supplies, greet visitors, schedule meetings for partners (subject to their approval), and file papers.

(Id. ¶ 11) Plaintiff alleges that she "had no authority to engage in independent discretion and judgment in her role, and [that] her [e]mployment [c]ontract listed her as an 'Administrative Assistant.'" (Id. ¶ 12)

---

[1] The Court's factual statement is drawn from the Complaint and documents incorporated by reference in the Complaint. The Complaint's well-pled facts are presumed true for purposes of resolving Defendants' motion to dismiss. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

Defendants "initially paid Plaintiff at the rate of $115,000 per year." (Id. ¶ 15) Plaintiff worked "five days per week," and her "hours varied, up to 65 hours per week." (Id. ¶ 13) According to Plaintiff, Defendants "did not track Plaintiff's hours" and "did not pay Plaintiff premium overtime pay for hours worked in excess of 40 hours per week." (Id. ¶¶ 14, 16) The Complaint also alleges that Defendants "failed to furnish Plaintiff with wage notices" or with "accurate statements of wages" as required by the NYLL. (Id. ¶¶ 36, 38)

**B. The Earlier Action**

The Complaint in the instant action is not the first complaint that Plaintiff has filed against Defendant Ergoteles LLC alleging FLSA and NYLL violations. On August 8, 2022, Plaintiff filed a complaint against Defendant Ergoteles LLC alleging violations of the FLSA and NYLL related to unpaid overtime compensation for the time period between November 2019 and April 2023 – the same time period cited in the instant complaint. (Compare DiGiovanni v. Ergoteles, LLC, No. 22 Civ. 6598(PGG) (S.D.N.Y. Aug. 3, 2022), Dkt. No. 1 (Cmplt.) with Cmplt. (Dkt. No. 1) ¶¶ 7, 41-45)

In her August 8, 2022 complaint, Plaintiff states that her initial title was "Administrative Assistant," but that in September 2021, "the Company changed Plaintiff's job title to Administrative Analyst." (Id. ¶¶ 9, 16) Plaintiff also describes her job duties in a different fashion:

> In the Administrative Assistant position, Plaintiff was to serve as the assistant to Defendant's three Managing Directors (Michael Bos, Mark Mancini, and Amit Manwani).
>
> As part of these job duties, Plaintiff assisted Mr. Mancini with work related to human resources, investor relations, immigration, and accounts payable. . . .
>
> Plaintiff was told that these responsibilities for human resources and accounts payable would be temporary. Specifically, Mr. Mancini told Plaintiff that the Company would hire two new employees, one to handle human resources and another to be a bookkeeper.

> In February 2021, after Plaintiff had been performing these additional job duties for more than a year without the Company hiring additional staff, Plaintiff agreed to take on these additional responsibilities on a more permanent basis.
>
> In September 2021, the Company changed Plaintiff's job title to Administrative Analyst and increased her salary to $150,000 per year.
>
> Plaintiff's job duties did not change and remained the same following her change in job title and salary increase. . . .
>
> In May 2020, the Company began preparations to launch a new hedge fund. Plaintiff's work hours increased during this time as she was required to host virtual conferences and telephone calls with the Managing Partners to review documents related to the new fund and/or prepare for meetings with investors.
>
> Plaintiff was responsible for hosting all video calls and conferences calls related to the hedge fund launch, among other duties related to the hedge fund launch, from May 2020 to September 2020. This was in addition to her regular job responsibilities. As a result, Plaintiff's work hours increased during this time.

(Id. ¶¶ 11-12, 14-17, 21-22)

The August 8, 2022 complaint further alleges that Plaintiff "perform[ed] a lot of work that was administrative in nature and may have included work related to the general business operations of the Company." (Id. ¶ 27) The work that Plaintiff performed in connection with "human resources and payroll," "accounts payable," and "investor relations" was "administrative in nature." (Id. ¶¶ 28-30). The August 8, 2022 complaint states that none of Plaintiff's "duties . . . require[d] the exercise of independent judgment or discretion with respect to matters of significance for the Company." (Id. ¶ 27)

In an October 4, 2022 letter, Defendant Ergoteles LLC requested permission to move to dismiss the August 8, 2022 complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (22 Civ. 6598, Dkt. No. 10 (Def. Oct. 4, 2022 Ltr.)) In its letter, Ergoteles LLC argues, inter alia, that the August 8, 2022 complaint's description of Plaintiff's duties – when considered in light of her alleged salary – demonstrates that she is subject to the FLSA's exemption for "Highly Compensated Employees." (Id. at 2-3)

In an October 7, 2022 letter, Plaintiff's counsel states that he "has had a number of conversations with Plaintiff about her claim under the Fair Labor Standards Act and would respectfully request additional time for Plaintiff to consider whether to oppose Defendant's anticipated motion or withdraw the federal claim and pursue her claim in state court."  (22 Civ. 6598, Dkt. No. 12 (Pltf. Oct. 7, 2022 Ltr.))

On October 12, 2022, Plaintiff filed a notice of voluntary dismissal (22 Civ. 6598, Dkt. No. 14), and Plaintiff's action was terminated on October 17, 2022.

Plaintiff subsequently engaged new counsel, and on October 24, 2022, she filed the instant Complaint.  (Dkt. No. 1)  The instant Complaint omits many of the details about Plaintiff's job duties, title, and salary that are alleged in the August 8, 2022 complaint.  (Compare Cmplt. (Dkt. No. 1) ¶ 11, with 22 Civ. 6598, Dkt. No. 1 (Cmplt.) ¶¶ 11-12, 14-17, 21-22, 27-30)

## II.    PROCEDURAL HISTORY

The Complaint was filed on October 24, 2022, and this Court referred the case to Judge Netburn for general pretrial supervision on October 26, 2022.  (Dkt. No. 5)

Defendants moved to dismiss on February 10, 2023, arguing that Plaintiff is subject to the FLSA's exemption for highly compensated employees.  In so arguing, Defendants rely in part on Plaintiff's allegations in her August 8, 2022 complaint.  (Def. Reply (Dkt. No. 22) at 7-9)  This Court referred Defendants' motion to Judge Netburn on March 14, 2023.  (Dkt. No. 23)

On October 23, 2023, Judge Netburn issued an R&R recommending that Defendants' motion to dismiss be denied, finding that Defendants had "not met their burden to establish that [their] affirmative defense [regarding the FLSA exemption] is alleged in the

Complaint." (R&R (Dkt. No. 24) at 7) In so finding, Judge Netburn refused to take judicial notice of Plaintiff's allegations in her August 8, 2022 complaint. (Id. at 3-4)

On November 6, 2023, Defendants filed objections to Judge Netburn's R&R. (Dkt. No. 32) In their Objections, Defendants argue, inter alia, that Judge Netburn erred in refusing to take judicial notice of the allegations in Plaintiff's August 8, 2022 complaint. According to Defendants, when Plaintiff's earlier allegations are considered, it is clear that she is subject to the FLSA exemption for highly compensated employees. (Id. at 5-6) Plaintiff filed a response to Defendants' objections on November 20, 2023. (Dkt. No. 35)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit objections to the magistrate judge's R&R. Any objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction

that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where, as here, a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Objections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review[, however].'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (second alteration in Phillips). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N. Y 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses . . . 'rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

**B. Rule 12(b)(6) Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the

complaint[,]" Kassner, 496 F.3d at 237 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish an entitlement to relief]." Iqbal, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) and Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). In considering a motion to dismiss, "a district court . . . may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, . . . matters of which a court may take judicial notice.”).

Where a party moving to dismiss cites to material that is outside the pleadings and is not incorporated by reference, the Court must either exclude that material and disregard it for purposes of the motion to dismiss or “‘convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.’” Kopec v. Coughlin, 922 F.2d 152, 154 (2d Cir. 1991) (quoting Fonte v. Bd. of Managers of Cont’l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)).

## II. WHETHER JUDICIAL NOTICE OF THE AUGUST 8, 2022 COMPLAINT SHOULD BE TAKEN

Defendants argue that this Court should take judicial notice of the allegations in Plaintiff’s August 8, 2022 complaint in resolving Defendants’ motion to dismiss the instant Complaint. (Def. Reply (Dkt. No. 22) at 8-9)

As noted above, in her R&R, Judge Netburn refuses to take judicial notice of the allegations in Plaintiff’s August 8, 2022 complaint, citing the general rule that a court “‘may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.’” (R&R (Dkt. No. 24) at 3 (quoting Glob. Network Commc’ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006))) Judge Netburn also faults Defendants for relying on cases that address “when a court can consider prior pleadings in the same case.” According to Judge Netburn, Defendants have cited no case showing that it is appropriate “to consider factual allegations in a pleading filed in a different case.” (Id. at 4) (emphasis in original)

As noted above, in their objections Defendants contend that Judge Netburn erred in refusing to take judicial notice of Plaintiff's allegations in her August 8, 2022 complaint. (Def. Obj. (Dkt. No. 32) at 3-5)

Taking "judicial notice of a document filed in another court" is generally "not [appropriate] for the truth of the matters asserted in the other litigation." Judicial notice of the earlier filing is instead limited to "establish[ing] the fact of such litigation and related filings." Glob. Network Commc'ns, 458 F.3d at 157 (internal quotation marks omitted). However, courts "recognize an exception to this general rule where a party makes an admission in another judicial proceeding and, 'upon adequate notice, neither . . . contest[s] the . . . factual characterization of its . . . admission nor [seeks] to convert [the] motion to dismiss into a motion for summary judgment.'" Nastasi & Assocs., Inc. v. Bloomberg, L.P., No. 18-CV-12361 (JMF), 2021 WL 3541153, at *4 (S.D.N.Y. Aug. 11, 2021) (alterations in Nastasi) (quoting 5-Star Mgmt., Inc. v. Rogers, 940 F. Supp. 512, 519 (E.D.N.Y. 1996)); see Abdul-Rahman v. City of New York, No. 10 CIV. 2778, 2012 WL 1077762, at *3 (E.D.N.Y. Mar. 30, 2012) (taking judicial notice of plaintiff's testimony in a separate state court proceeding where plaintiff failed to "disavow[ ] his prior testimony [ ]or . . . offer[ ] a contradictory set of facts"); Munno v. Town of Orangetown, 391 F. Supp. 2d 263, 269 (S.D.N.Y.2005) (taking judicial notice of plaintiff's affidavits and pleadings in a related state court action where the documents "contradict the factual allegations contained in the Complaint"); Harris v. New York State Dep't of Health, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) ("[T]he Court may take judicial notice of admissions in pleadings and

other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.").[2]

Here, Plaintiffs' allegations in the August 8, 2022 complaint fall squarely within this exception. There is no dispute regarding the prior complaint's authenticity; it was filed before this same Court less than three months before the instant Complaint. And after Defendants gave notice that they intended to rely on the August 8, 2022 complaint in their motion to dismiss (Def. Reply (Dkt. No. 22) at 8-9), Plaintiff did not disavow the factual allegations she made in her August 8, 2022 complaint. And in responding to Defendants' objections to the R&R, Plaintiff merely states that "there was no reason to take judicial notice" of the allegations in the August 8, 2022 complaint, citing to Judge Netburn's reasoning. (Pltf. Resp. to Def. Obj. (Dkt. No. 35) at 7) Plaintiff also argues that "it would make no difference to the outcome of the motion," because the August 8, 2022 complaint's factual allegations do not demonstrate that Plaintiff is subject to the FLSA exemption for highly compensated employees. (Id.)

The Court concludes that it is appropriate to take judicial notice of Plaintiff's factual allegations in her August 8, 2022 complaint. As the case law cited above makes clear, a

---

[2] Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000) – cited by Defendants in their objections (Def. Obj. (Dkt. No. 32) at 3-5) – is not precisely on point. Rothman is a securities fraud case in which defendants moved to dismiss arguing, inter alia, that the complaint's allegations of scienter were insufficient. Rothman, 220 F.3d at 89-90. Plaintiffs asked the court to take judicial notice of allegations in a complaint filed by one of the defendants in a state court action brought against a third party alleging breach of contract. Id. at 91-92. Plaintiffs argued that the allegations in the state court complaint were relevant because they demonstrated the defendant's contemporaneous awareness of various business difficulties involving the third party that were the subject of the securities fraud allegations. Id. Because defendants did "not dispute the authenticity of the . . . complaint," the Second Circuit took "judicial notice of the . . . complaint as a public record." Id. at 92. Rothman does not address the situation at issue here, however, in which a litigant has made contradictory or inconsistent allegations in two separate proceedings.

court is entitled to consider contradictory or inconsistent factual allegations a party has made in another proceeding, particularly where that party does not disavow his or her earlier statements. And the sequence of events here makes such a ruling particularly appropriate.

As discussed above, Plaintiff voluntarily dismissed her prior complaint after Ergoteles LLC – named as a Defendant in both cases – filed a letter arguing that the factual allegations set forth in the August 8, 2022 complaint demonstrated that Plaintiff was a highly compensated employee for purposes of the FLSA exemption. If Plaintiff had opted to file an amended complaint deleting the inconvenient allegations regarding her duties, compensation, and titles, she would have been subject to the well-established rule that

> "superseded pleadings, while not judicial admissions per se, may be introduced as evidence and considered an admission." Dweck v. Pacificorp Capital, Inc., No. 91 Civ.2095(MJL), 1998 WL 88742, at *7 (S.D.N.Y. Mar. 2, 1998) (citing United States v. McKeon, 738 F.2d 26, 31 (2d Cir. 1984)). "'When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made . . . , and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party . . . .'" Id. (quoting Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195, 198 (2d Cir. 1929)); see also Savino v. Computer Credit, Inc., 960 F. Supp. 599, 601 (E.D.N.Y. 1997) (noting that "a superseded pleading in a civil case may constitute an admission"); Tiana Corp. v. Hartley, 99 F. Supp. 670, 672 (S.D.N.Y.1951) (despite fact that defendant amended answer, allegation in original answer, although not a conclusive judicial admission, "is nevertheless competent evidence of the facts stated"). If the admission was made "'without adequate information, that goes to its weight, not to its admissibility.'" Dweck, 1998 WL 88742, at *7 (quoting Kunglig Jarnvagsstyrelsen, 32 F.2d at 198). "[A] party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." McKeon, 738 F.2d at 31.

Mohsen v. Morgan Stanley & Co. Inc., No. 11 CIV. 6751 PGG, 2013 WL 5312525, at *4 (S.D.N.Y. Sept. 23, 2013).

Here, Plaintiff cannot evade these principles simply by voluntarily dismissing her prior lawsuit, retaining new counsel, and filing a new complaint that asserts the same claims but omits the inconvenient facts that undermine those claims.

For all of these reasons, Defendants' objection is sustained, and this Court finds that Judge Netburn committed clear error in failing to take judicial notice of Plaintiff's factual allegations in her August 8, 2022 complaint. This Court will take judicial notice of those allegations and will consider those allegations in determining whether Plaintiff has plausibly alleged an FLSA violation.

## III. WHETHER PLAINTIFF HAS PLAUSIBLY ALLEGED AN FLSA CLAIM

In the Complaint, Plaintiff asserts that Defendants violated her rights under the FLSA by failing to pay her overtime compensation. (Cmplt. (Dkt. No. 1) ¶¶ 39-48) Defendants argue, inter alia, that Plaintiff is exempt from overtime compensation under the FLSA because she is a highly compensated employee. (Def. Br. (Dkt. No. 20) at 7-10)

### A. Legal Standard

"Section 207(a)(1) of FLSA requires that, 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (i.e., time and a half)." Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d 106, 113-14 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)).

The FLSA "provides numerous exemptions to the time-and-a-half overtime requirement," "one of which is the 'highly compensated employees'" exemption. Bellone v. Kraft Power Corp., No. 15CV3168SJFAYS, 2016 WL 2992126, at *4 (E.D.N.Y. May 23, 2016). To be subject to this exemption, an employee must: (1) have "total annual compensation of at least $107,432"; (2) "customarily and regularly perform[] any one or more of the exempt duties

or responsibilities of an . . . administrative . . . employee"; and (3) have a "primary duty [which] includes performing office or non-manual work." 29 C.F.R. §§ 541.601(a), (c), (d).

"The phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks." 29 C.F.R. § 541.701.

"A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Thus, a highly compensated employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an . . . administrative . . . employee" in the statute. 29 C.F.R. § 541.601. Administrative duties include "work directly related to the management or general business operations of the employer or the employer's customers" including, but not limited to,

> work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.

29 C.F.R. §§ 541.201(a)-(b).

"FLSA plaintiffs are not bound to plead the absence of any affirmative defenses in order to survive a motion to dismiss." Thompson v. Eldorado Coffee Roasters Ltd., 246 F. Supp. 3d 697, 703 (E.D.N.Y. 2017) (citing Nakahata v. N. Y.–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013)). Instead, "a defendant bears the burden of establishing that, on the face of the complaint, the plaintiff was an exempt employee." Granda v. Trujillo, No. 18 CIV. 3949 (PAE), 2019 WL 367983, at *8 (S.D.N.Y. Jan. 30, 2019) (citation omitted).

**B. Analysis**

Plaintiff concedes that Defendants "can establish the first prong (compensation) and the third prong (non-manual work)" for purposes of the highly compensated employee exemption. (Pltf. Opp. (Dkt. No. 21) at 6) Plaintiff argues, however, that Defendants have not met their burden to demonstrate that Plaintiff "customarily and regularly" performed exempt duties or responsibilities. (Id.)

Relying solely on the Complaint's allegations, Judge Netburn concludes that Defendants have not met their burden to show that Plaintiff "customarily and regularly" performed qualifying duties. She reasons as follows:

> The parties focus on Plaintiff's allegation that her duties included "assist[ing] with payroll (which required partner approval)." Compl., ¶ 11. This duty is included in a longer list of duties, and Plaintiff's Complaint does not elaborate on the substance of this work or the frequency with which she performed it.

(R&R (Dkt. No. 24) at 6)

In their objections, Defendants argue that Judge Netburn should have considered Plaintiff's allegations in her August 8, 2022 complaint, and that those allegations demonstrate that Plaintiff is subject to the FLSA exemption for highly compensated employees. (Def. Obj. (Dkt. No. 32) at 3-6) In response, Plaintiff contends that – even if the allegations in her August 8, 2022 complaint are considered – Defendants have not shown that Plaintiff "customarily and regularly engaged in exempt administrative duties." (Pltf. Resp. to Def. Obj. (Dkt. No. 35) at 7)

In her August 8, 2022 complaint, Plaintiff alleges that she performed "a lot of work" that was "administrative in nature and [that] may have included work related to the general business operations of the Company," including work related to "human resources, investor relations, immigration, and accounts payable." (22 Civ. 6598, Dkt. No. 1 (Cmplt.) ¶¶ 12, 27-30) Plaintiff also says that she

> was told that these responsibilities for human resources and accounts payable would be temporary. Specifically, [Defendant] Mancini told Plaintiff that the Company would hire two new employees, one to handle human resources and another to be a bookkeeper.
>
> In February 2021, after Plaintiff had been performing these additional job duties for more than a year without the Company hiring additional staff, Plaintiff agreed to take on these additional responsibilities on a more permanent basis.
>
> In September 2021, the Company changed Plaintiff's job title to Administrative Analyst and increased her salary to $150,000 per year.
>
> Plaintiff's job duties did not change and remained the same following her change in job title and salary increase. . . .
>
> In May 2020, the Company began preparations to launch a new hedge fund. Plaintiff's work hours increased during this time as she was required to host virtual conferences and telephone calls with the Managing Partners to review documents related to the new fund and/or prepare for meetings with investors.
>
> Plaintiff was responsible for hosting all video calls and conferences calls related to the hedge fund launch, among other duties related to the hedge fund launch, from May 2020 to September 2020. This was in addition to her regular job responsibilities. As a result, Plaintiff's work hours increased during this time.

(Id. ¶¶ 14-17, 21-22)

In order to be subject to the FLSA exemption, Plaintiff need only have performed "any one or more of the exempt duties," which include work related to "finance," "accounting," and "human resources." 29 C.F.R. §§ 541.201(b), 541.601(c). Moreover, Plaintiff's allegations in her August 8, 2022 complaint are clearly sufficient to show that her administrative responsibilities were more than "isolated or one-time tasks," and that she performed this work at a "frequency that [was] greater than occasional." 29 C.F.R. § 541.701. Indeed, in her August 8, 2022 complaint, Plaintiff alleges that she performed administrative duties relating to "human resources and accounts payable" over a more than two-year period. (22 Civ. 6598, Dkt. No. 1 (Cmplt.) ¶¶ 14-15)

Once the allegations in the August 8, 2022 complaint are considered, it is clear that Defendants have met their burden to demonstrate that Plaintiff is subject to the FLSA exemption for highly compensated employees. Granda, 2019 WL 367983, at *8.

Accordingly, Defendants' motion to dismiss Plaintiff's FLSA claim will be granted. Given the allegations in the August 8, 2022 complaint, no amendment can cure the FLSA exemption issue. Accordingly, Plaintiff's FLSA claim will be dismissed with prejudice.

## IV. NYLL CLAIMS

Defendants argue that if this Court dismisses Plaintiff's FLSA claim, it should not exercise supplemental jurisdiction over her NYLL claims. (Def. Br. (Dkt. No. 20) at 11-12)

While "the exercise of pendent jurisdiction is generally a matter for the exercise of a district court's discretion," in "'the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Morse v. Univ. of Vermont, 973 F.2d 122, 127 (2d Cir. 1992) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Here, Defendants have not answered the Complaint and discovery is stayed. (Nov. 9, 2023 Order (Dkt. No. 34)) It is therefore appropriate for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R (Dkt. No. 24) is not adopted, and Defendant's motion to dismiss (Dkt. No. 19) is granted. The Complaint's Fair Labor Standards Act claim is dismissed with prejudice, while the Complaint's New York Labor Law claims are dismissed without prejudice.

The Clerk of Court is directed to terminate the motion (Dkt. No. 19), to enter judgment as specified above, and to close this case.

Dated: New York, New York
March 31, 2024

SO ORDERED.

Paul G. Gardephe
United States District Judge